**CYNDEE L. PETERSON**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine Street, 2nd Floor**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**
**Email: Cyndee.Peterson@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 21-01-H-BMM** |
| **Plaintiff,** | |
| **vs.** | **UNITED STATES' SENTENCING MEMORANDUM** |
| **JOSHUA DEAN FISH,** | |
| **Defendant.** | |

    The United States of America, by and through Cyndee L. Peterson, Assistant

U.S. Attorney for the District of Montana, hereby submits the United States'

sentencing memorandum.

1

## I: PSR & USSG SENTENCING GUIDELINES

Defendant Fish pleaded guilty to Count 9 and Count 12 which charge sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), Count 13 which charges receipt of child pornography, and admitted the forfeiture allegation set forth in the indictment.   The United States will move to dismiss the remaining counts of the indictment at sentencing.

The possible statutory penalty for Count 9 is not less than 15 years and up to 30 years imprisonment.   PSR ¶ 104.   The possible statutory penalty for Count 12 is not less than 15 years and up to 30 years imprisonment.   *Id.*   The possible statutory penalty for Count 13 is not less than five years and up to 20 years imprisonment.   PSR ¶ 105.   The court has discretion to run the sentences on each count consecutively or concurrently.   18 U.S.C. § 3584(a).   For each of the three counts, Fish can be placed on supervised release following imprisonment for any term of not less than five years and up to his lifetime.   PSR ¶ 108.

Each count carries a potential fine of up to $250,000 and a mandatory $100 special assessment.   PSR ¶¶ 114, 115.   Pursuant to 18 U.S.C. § 3014 (Justice for Victims of Trafficking Act of 2015), if the Court determines Fish is not indigent the Court must impose a $5,000 special assessment.   PSR ¶¶ 118, 120.   Pursuant to 18 U.S.C. § 2259A (Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018), there is an additional special assessment of up to $50,000

on Count 9, up to $50,000 on Count 12, and up to $35,000 on Count 13.   PSR

¶ 119.

Restitution is mandatory.   PSR ¶ 121; 18 U.S.C. § 3663A.   Only one

victim has requested restitution in the amount of $55,374.99.   PSR ¶¶ 19, 123.

Pursuant to his plea agreement, Fish has agreed to pay that victim up to $10,000.

PSR ¶ 6.   Fish did not object to the restitution request in the Presentence

Investigation Report (PSR).   *See* PSR Addendum.

The United States has one objection to the PSR, but the objection does not

affect the calculated guideline range.   *Id*.   Fish has no objection to the PSR or

guideline calculation.   *Id.*   Under the Guidelines, Fish's greatest adjusted offense

level for the three counts is 42.   After a two-level increase for the multiple-count

unit adjustment (i.e. multiple victim adjustment), Fish has a combined adjusted

offense level of 44.   After a reduction for acceptance of responsibility, this results

in a total offense level of 41.   His criminal history score of zero places him in a

criminal history category of I.   Under the Guidelines, Fish faces 324 months to

405 months of imprisonment, from five years to lifetime supervised release, and a

fine ranging from $50,000 to $250,000.   PSR ¶¶ 106, 110, 113, 116.   Restitution

to identifiable victims is also mandatory under the guidelines.   PSR ¶ 121; USSG

§ 5E1.1.

If the Court sentences Fish to 405 months or less of imprisonment, Fish waives his right to appeal that sentence and any conditions of release.    PSR ¶ 7. If the term of imprisonment is 405 months or less, Fish has also waived his right to appeal any order of restitution.    *Id*.; Doc. 29 at 8.

## II.    RESTITUTION

The victim (hereinafter "Jane Doe") is a minor, and her parents have requested the following restitution on her behalf:

| | |
|---|---|
| iPhone: | $      599.00 |
| Counseling Services: | $    1,279.00[1] |
| Residential Treatment Facility: | $   53,500.00 |
| Total: | $   55,374.99 |

PSR ¶ 19.

Congress mandated that restitution be made to victims of child exploitation offenses, including the offense of conviction in the instant case.    18 U.S.C. § 2259.    The term "victim" means the individual harmed as a result of a commission of a crime under this chapter, including, in the case of a victim who is under 18 years of age, the legal guardian of the victim or another family member.

---

[1]  This amount incorporates two counselors: $330.99 (LCSW Rodriguez); and $945.00 (Instar).    The two numbers were rounded up from $1,275.99 to $1,279.00 in the PSR which explains why the total request ($55,374.99) is slightly less than the actual sum of the amounts in the PSR.

18 U.S.C. § 2259(c).   The term "full amount of the victim's losses" includes any costs incurred by the victim for:

> (A) medical services relating to physical, psychiatric, or psychological care;
> (B) physical and occupational therapy or rehabilitation;
> (C) necessary transportation, temporary housing, and child care expenses;
> (D) lost income;
> (E) attorneys' fees, as well as other costs incurred; and
> (F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(c)(2).   A court may not decline to issue an order under this section because of the economic circumstances of Fish or the fact that a victim has, or is entitled to, receive compensation for her injuries from the proceeds of insurance or any other source.   18 U.S.C. § 2259(b)(4).

Under the plain language of the statute, the restitution sought by Jane Doe is expressly included in the categories of recoverable losses listed in 18 U.S.C. § 2259(c)(2).   The iPhone was seized as evidence as a result of Fish's offense and is covered under "other losses."   18 U.S.C. § 2259(c)(2)(F); *United States v. Kennedy*, 643 F.3d 1251, 1261-62 (9th Cir. 2011) (defendants liable for losses sustained as a proximate result of their criminal offenses) (citations omitted); and *Paroline v. United States*, 134 S. Ct. 1710, 1713, 188 L. Ed. 2d 714 (2014) (To say one event proximately caused another means, first, that the former event caused the latter, i.e., actual cause or cause in fact; and second, that it is a proximate cause,

i.e., it has a sufficient connection to the result.).    Jane Doe provided a receipt for the original purchase of the iPhone.    *See* Exhibit A at 6 (Verizon $599.99).

Jane Doe is also requesting reimbursement for prior counseling costs of $1,275.99 and payment for future costs of an adolescent treatment facility in California of $53,500.[2]    Both requests are costs expressly included in the category of recoverable losses listed in § 2259(c)(2)(A) ("medical services relating to physical, psychiatric, or psychological care").    Those costs are supported by the documentation submitted on behalf of the victim.    *See* Exhibit A at 11-13 (past counseling); and Exhibit A at 16 (future treatment).    If Fish objects prior to sentencing, additional evidence can be presented as testimony at the sentencing hearing.

Under the Victim and Witness Protection Act, this Court resolves any dispute as to the proper amount of restitution by a preponderance of the evidence.

---

[2]  Additional information about the program is located at *www.sustainrecovery.com* (last visited Aug. 30, 2021): "Sustain Recovery is a treatment facility founded upon evidence-based clinical treatment modalities and best practice principles.   We utilize a multifaceted process, integrating a balance of clinical interventions, 12 Step recovery and holistic modalities that provides adolescents a positive and loving environment where they can address their addiction and mental health needs.   Our goal is to facilitate education, interpersonal awareness and behavioral change through continuity and proven recovery / mental health skill development or enhancement that supports learning and change."

18 U.S.C. § 3664(e); *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008). The Court may order Fish to pay future counseling costs and can order restitution payments regardless of whether the victim has begun treatment.   *See United States v. Laney*, 189 F.3d 954 (9th Cir. 1999) (court awarded future psychological treatment and counseling costs under § 2259 for victim and her family); and *United States v. White*, 667 F. App'x 893, 893-94 (9th Cir. 2016) ("The language of the relevant statutes shows that Congress intended to allow district courts to include future counseling expenses in the amount of restitution under section 2259.") (citation omitted).

The government must provide sufficient evidence for the Court to estimate the full amount of the losses with "'some reasonable certainty.'"   *Kennedy*, 643 F.3d at 1261 (*quoting United States v. Doe*, 488 F.3d 1154, 1159-60 (9th Cir. 2007)); and *United States v. Nottingham*, 533 F. App'x 789 (9th Cir. 2013) (losses can be calculated to some reasonable certainty).   "In light of 'the remedial purposes underlying the MVRA,' our precedent grants 'district courts a degree of flexibility in accounting for a victim's complete losses.'"   *Waknine*, 543 F.3d at 557.   Trial courts have broad discretion in ordering restitution.   *Laney*, 189 F.3d at 966 (citation omitted).

In support of her request, Jane Doe has provided receipts showing the victim has participated in past counseling.   Jane Doe also provided an agreement with

the 90-day intensive treatment facility that provides the costs of the program.   *See* Ex. A at 11-16.   Her parent's letter identifies that the counseling is related to Fish's actions and continues to be necessary due to the trauma he has caused. PSR ¶ 19.   The United States has met its burden of proof and provided the Court with enough evidence to calculate restitution in this case with some reasonable certainty.   The United States requests the Court order Fish to pay $55,374.99 in restitution to Jane Doe's parents.

## III.   SENTENCING REQUEST AND ARGUMENT

The United States believes a sentence of 324 months followed by 20 years of supervised release is the reasonable and appropriate sentence in this case.   This term is at the low-end of the Guideline range and is sufficient but not greater than necessary given Fish's abhorrent conduct in this case.   It is also a sentence that will promote respect for the law, protect the public from further crimes of the defendant and avoid unwarranted sentencing disparities among similarly situated defendants.

The United States requests the Court order the forfeiture of the numerous items identified in the indictment.   PSR ¶ 4.   The United States does not seek a fine but requests the Court impose the $300 special assessment ($100 per count) and order $55,374.99 in restitution.   The United States also requests the Court

order Fish to pay the $15,000 JVTA special assessments ($5,000 per count).[3]

Based on his education, work history and physical condition, Fish is not indigent

and should be ordered to pay the JVTA special assessment.   PSR ¶¶ 75, 76, 80,

91, 92-96.

In *United States v. Kelley*, 861 F.3d 790 (8th Cir. 2017), the district court

imposed the $5,000 special assessment pursuant to the provisions of the JVTA.

The court identified that a determination of indigency in this context should

include both the defendant's current financial situation and the defendant's ability

to earn in the future.   *Id.* at 801-02 ("Because the special assessment under § 3014

deals with sentencing-phase considerations, the indigence analyses of similar post-

conviction assessments are more helpful than the analysis used for determining IFP

status or appointed counsel.")   The Ninth Circuit and others have agreed.   *United*

*States v. Strange*, 692 F. App'x 346, 349 (9th Cir. 2017) (concluding "the district

court properly took into account that [the defendant] was 'able-bodied'" and

affirming its imposition of the $5,000 special assessment); *United States v.*

*Janatsch*, 722 F. App'x 806, 811 (10th Cir. 2018) ("[T]he district court here did

not err in concluding that [the defendant] would have the ability to pay the special

---

[3] The assessment applied to each count of conviction.   *United States v.*
*Johnman*, 948 F.3d 612 (3d Cir. 2020).

assessment in the future."); and *United States v. Graves*, 908 F.3d 137, 142 (5th Cir. 2018), as revised (Nov. 27, 2018) (same).

As to the term of imprisonment and supervised release, a substantively reasonable sentence is "one that is 'sufficient, but not greater than necessary' to accomplish § 3553(a)(2)'s sentencing goals." *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009) (quoting 18 U.S.C. § 3553(a)). Sentencing proceedings should begin "by determining the applicable Guidelines range." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). The U.S. Sentencing Guidelines, however, are only advisory. *United States v. Booker*, 543 U.S. 220, 220 (2005). The guidelines are "the starting point and the initial benchmark," and are to be kept in mind throughout the process. *Gall v. United States*, 552 U.S. 38, 49, 50 n.6 (2007).

Section 3553(a) of Title 18 of the United States Code sets forth the goals of sentencing:

- reflect the seriousness of the offense;

- promote respect for the law;

- provide just punishment for the offense;

- afford adequate deterrence to criminal conduct;

- protect the public from further crimes of the defendant; and,

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

10

In addition, subsection (1) of § 3553(a) requires the court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; subsection (3) requires the court to consider the kinds of sentences available; subsections (4), (5), and (6) require the Court to consider the sentencing guidelines and policy statements, and to avoid unwarranted sentencing disparity; and subsection (7) requires the Court to provide restitution to victims.

The Court must impose a sentence that reflects the seriousness of the offense and provides just punishment for the offense.   The harm to children depicted in child pornography was recognized decades ago by the United States Supreme Court.   *See, e.g., United States v. Cobler*, 748 F.3d 570, 580 (4th Cir. 2014) (*quoting New York v. Ferber*, 458 U.S. 747, 757-58 (1982) ("As a general matter, the prohibition of child pornography derives from a legislative judgment that such materials are harmful to the physiological, emotional, and mental health of children, and that preventing the sexual exploitation of this uniquely vulnerable group 'constitutes a government objective of surpassing importance.'")); *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 249 (2002) (court observed child pornography "as a permanent record of a children's abuse"); and *Osborne v. Ohio*, 495 U.S. 103, 111 (1990) ("The pornography's continued existence causes the child victims continuing harm by haunting the children in years to come.").   The Ninth Circuit has also recognized the harm to the child.   *United States v.*

*Blinkinsop*, 606 F.3d 1110, 1118 (9th Cir. 2010) (describing harms inflicted upon children depicted in images of child pornography distributed and possessed by others).

This Court routinely sentences defendants for distributing, receiving, possessing and viewing child pornography.   The Court has also sentenced several defendants who have sexually exploited a child with the purpose of producing images and videos.   But Fish's actions in this case are not similar to those mine-run cases.   While Fish received, distributed, possessed and viewed thousands and thousands of images and videos of child pornography, Fish also proactively sexually exploited and harmed numerous children by coercing them into creating videos and images of themselves engaged in sexually explicit conduct.   Some of the victims he sexually exploited were as young as eleven years old.   Fish even attempted to entice a thirteen-year-old girl into creating sexually explicit images of her very young sister.   Fish coerced some of the children through threats.   When the Court considers the harm Fish has caused to all of these little girls and the utterly despicable nature of his actions, a sentence of 324 months followed by 20 years of supervised release is necessary for just punishment and to reflect the seriousness of his offenses.   That sentence will also promote respect for the law and afford adequate deterrence to similar criminal conduct.

12

That sentence at the low-end of the guideline range will also protect the public from further crimes of Fish.   If he is incarcerated and supervised for the term requested, the Court will have the best ability to protect children and others from Fish.   In addition, the term of imprisonment will allow Fish to obtain the needed treatment and care, including sex offender treatment, that is obviously needed given his awful and dangerous actions in this case.

Additional factors for the Courts consideration are the sentencing Guidelines and policy statements.   18 U.S.C. § 3553(a)(4), (5), (6).   While child pornography defendants often attack the child pornography guidelines and request the Court give them minimal deference, the Court has no obligation to make a *Henderson* determination[4]  in this case.   The typical concerns raised by the courts with the child pornography guidelines have all been directed at USSG § 2G2.2. The United States is not aware of any Ninth Circuit precedent ordering district courts to give minimal deference to USSG § 2G2.1 nor a requirement that a district court make a record as to whether it has a policy disagreement with § 2G2.1.   *See United States v. Saltzer*, Case Nos. 1:14-cv-00451-BLW, 1:13-cr-0172-BLW, 2015 WL 8215744, at *10 (D. Idaho Dec. 8, 2015) (*Kimbrough* and its progeny are

---

[4]    *See United States v. Henderson*, 649 F.3d 955 (9th Cir. 2011) (child pornography guideline is not entitled to the deference traditionally shown and, therefore, the Court may vary based on a policy disagreement with the guideline).

relevant to child pornography possession and distribution cases – not necessarily child pornography production cases sentenced under § 2G2.1).   As the United States Sentencing Commission has reported, "the Commission's 2010 survey of federal district judges revealed that the vast majority of judges surveyed stated that the guideline and statutory penalty ranges in production cases were appropriate as a general matter."[5]

Finally, the Court's sentence should avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.   As noted above, most of the defendants being sentenced for § 2251(a) crimes in this district are not similarly situated defendants because they have victimized one or two children who were known to them.   Fish sought out and sexually exploited handfuls of little girls online.

When the Court considers defendants with multiple victims and similar guideline ranges, a term of 324 months imprisonment followed by 20 years of supervised release is not disparate.   Two defendants in this district were sentenced to much greater terms of imprisonment and supervised release where the defendants sexually exploited two children.   *See United States v. Herbst*, CR 07-

---

[5]  United States Sentencing Commission, 2012 Report to Congress: Federal Child Pornography Offenses, Chapter 9, Page 247, FN 2.

103-BLG-DWM, 2014 WL 12839202 (D. Mont. June 25, 2014) (defendant

charged with sexually exploiting two minor victims with guideline range of life

sentenced to a total of 840 months imprisonment and lifetime supervised release);

and *United States v. Sheldon*, CR 12-10-H-CCL, 2016 WL 3976611, at *1 (D.

Mont. July 22, 2016) (defendant with guideline ranges of 360-600 and 360-480

months sentenced to 480 months imprisonment after jury trial on one count of

sexual exploitation of a child and one count of receipt of child pornography).

Similar conduct within the Ninth Circuit has resulted in significant terms of

imprisonment.    In *Saltzer v. United States*, Case No. 1:14-cv-00451-BLW, 2018

WL 3945379 (D. Idaho Aug. 15, 2018), the defendant sexually exploited eleven

victims, unknown to him, via Skype by having them masturbate as he recorded it.

Saltzer was convicted of one count of sexual exploitation (§ 2251(a)) and

sentenced to a 348-month term of imprisonment which was within the guideline

range of 324-360 months.    *See also United States v. Patrakis*, CR 17-00109 LEK,

2021 WL 3118305 (D. Haw. July 22, 2021), appeal docketed, No. 21-16266 (9th

Cir. 2021) (defendant convicted of two counts of child sexual exploitation related

to four victims with guideline range of 360-720 months sentenced to 292 months

imprisonment).

Defendants outside of this district convicted of § 2251(a) crimes with cases

involving multiple victims and similar guideline ranges have also been sentenced

15

to terms greater than the government's request in this case.    *See United States v.*

*Fleischer*, 971 F.3d 559, 561 (6th Cir. 2020) (defendant exploited two minors and

was sentenced to a within-guideline sentence of 447 months, including a 327-

month sentence for § 2251(a) to run consecutively to a 120-month sentence for

§ 2252(a)(2)); *United States v. Muzio*, 966 F.3d 61, 62-63 (2d Cir. 2020)

(defendant lured at least fourteen underage girls into sending sexually explicit

pictures and videos of themselves; sentenced to 35 years of imprisonment and

lifetime supervised release; his lifetime guideline range was statutorily capped to

produce a guideline range of 6,000 months); *United States v. Williams*,

4:15cr2/MW/CAS, 2019 WL 4196912 (N.D. Fla. Aug. 6, 2019) (defendant who

sexually exploited three victims by producing child pornography and had guideline

range of 292-365 months was sentenced to 360 months imprisonment); *Hoover v.*

*United States*, 1:13-cr-00018-JAW, 2016 WL 7396706 (D. Maine Dec. 21, 2016)

(defendant with criminal history category I, total offense level of 43, guideline

range of statutory maximum 480 months sentenced to 480 months imprisonment

for sexual exploitation of two child victims); *United States v. Loman*, 540 F. App'x

844, 845 (10th Cir. 2013) (defendant sexually exploited three victims and was

sentenced to 360 months' imprisonment, a term within the advisory 360-month

guideline sentencing range); and *United States v. Fadl*, 498 F.3d 862, 864 (8th Cir.

2007) (defendant who exploited at least seven minor males by producing sexually

explicit images, paying some minors, had a guideline range of 360 months

imprisonment and was sentenced to 360 months imprisonment).

## IV.   UNITED STATES OBJECTION

The United States objects to the lack of application of a special offense

characteristic in the PSR.   *See* PSR Addendum.   As this objection does not

impact the Total Offense Level or the applicable Sentencing Guidelines range, the

United States does not believe it is necessary for the Court to make a final

determination of the government's objection.   *See United States v. Carty*, 520

F.3d 984 (9th Cir. 2008) (all sentencing proceedings begin by determining the

applicable Sentencing Guidelines range, which must be calculated correctly).

*Objection:* Section 2G2.1(b)(2)(A) applies to Counts 9 and 12 because the

images portray the victims masturbating and penetrating themselves.   As such, a

two-level increase should be applied after PSR ¶ 27 and after PSR ¶ 35.   This

would result in an adjusted offense level of 42 for Counts 9 and 12.   PSR ¶¶ 33,

41.   Because the increase does not impact the multi-count adjustment[6]  (the

number of units at PSR ¶ 52 is not changed), the combined adjusted offense level

---

[6]  There is a typographical error in PSR ¶ 50 where the PSR writer identified
1.5 total units rather than 2.   This is corrected at PSR ¶ 52.

continues to be a level 44 and the total offense level continues to be a level 41.
PSR ¶¶ 53, 57.

Section 2G2.1(b)(2)(A) provides that if the offense involved the commission
of a sexual act or sexual contact, increase by 2 levels.    USSG § 2G2.1(b)(2)(A).
The application notes indicate that "sexual contact" has the meaning given that
term in 18 U.S.C. § 2246(3).    USSG § 2G2.1, App. N. 2.    The term "sexual
contact" means the intentional touching, either directly or through the clothing, of
the genitalia, anus, groin, breast, inner thigh, or buttocks *of any person* with an
intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of
any person.    *See* 18 U.S.C. § 2246(3) (emphasis added).    The PSR writer
indicated that this does not apply to images where the victim is masturbating.
PSR Addendum.

The Second, Third, Sixth and Eleventh Circuits have all determined that the
language of the statute is plain and unambiguous, and USSG § 2G2.1(b)(2)(A)
encompasses a child touching "oneself" or masturbating.    *See United States v.
Pawlowski*, 682 F.3d 205, 212-13 (3d Cir. 2012) (holding that "sexual contact"
unambiguously encompasses "the touching of oneself"); *United States v. Shafer*,
573 F.3d 267, 273 (6th Cir. 2009) ("'Any person' includes a person touching
himself or herself.").    *United States v. Dean*, 591 F. App'x. 11, 15 (2d Cir. 2014)
(unpublished) ("sexual contact" requires only that the image depict the touching

"of any person,"); *United States v. Aldrich*, 566 F.3d 976, 979 (11th Cir. 2009) (same); *United States v. Weisinger*, 586 F. App'x 733, 739 (2d Cir. 2014) (unpublished) (expansive definition plainly reaches masturbation; no reason to resort to the rule of lenity); and *United States v. McDade*, 399 F. App'x 520 (11th Cir. 2010) (unpublished) (§ 2G2.1(b)(2)(A) only requires that the offense "involve" a sexual act or sexual contact and does not require proving that the defendant himself engaged in the sexual act or sexual contact, even in a case of child pornography production).   *See also United States v. Shill*, 740 F.3d 1347, 1352 (9th Cir. 2014) (rejecting Seventh Circuit decision holding "sexual activity" under 2422(b) requires person-to-person and does not include self-masturbation).

## V.   CONCLUSION

The United States respectfully requests the Court sentence Fish to 324 months imprisonment followed by 20 years of supervised release.   The United States also requests the Court order Fish to pay the $300 special assessment ($100 per count), the $15,000 JVTA special assessment, and order $55,374.99 in restitution.

DATED this 7th day of September, 2021.

LEIF M. JOHNSON
Acting United States Attorney

*/s/Cyndee L. Peterson*
Assistant U.S. Attorney
Attorney for United States

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Sentencing Memorandum is in compliance with

L.R. CR 47.2(c).    The brief's line spacing is double-spaced, with a 14-point font

size and contains less than 6,500 words. (Total number of words: 4,099 excluding

captions and certificates).

DATED this 7th day of September, 2021.

*/s/ Cyndee L. Peterson*
Assistant U.S. Attorney
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2021, a copy of the foregoing

document was served on the following persons by the following means:


(1,2)  CM/ECF
( )    Hand Delivery
( )    U.S. Mail
( )    Overnight Delivery Service
( )    Fax
( )    E-Mail

1.     Clerk, U.S. District Court

2.     Palmer Hoovestal
       Hoovestal Law Firm
       608 Lincoln Rd. West
       Helena, MT 59602
       Counsel for Defendant Fish


                         */s/Cyndee L. Peterson*
                         Assistant U.S. Attorney
                         Attorney for United States